UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-20513-BLOOM/Elfenbein

MARK T. STINSON SR.,

    Plaintiff,

v.

NATIONSTAR MORTGAGE LLC,
D. MICHAEL DUNAVANT, BARBARA M.
ZOCCOLA, and TOM LEATHERWOOD,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiff Mark Stinson Sr.'s Complaint, ECF No. [1]. Plaintiff also filed an Application to Proceed *In Forma Pauperis*, ("Application"), ECF No. [3]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Moreover, "a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981)[1] (citations omitted). This includes the inherent power to dismiss a case *sua sponte* when the plaintiff fails to comply with procedural rules. *See Hanna v.*

---

[1] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

*Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing Fed. R. Civ. P. 41(b)); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49 (1991)).

Upon initial screening, the Court finds the Complaint must be dismissed as it fails to state a claim over which the Court has subject matter jurisdiction, and is a shotgun pleading. *See* Fed. R. Civ. P. 12(b)(1).

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Complaints that violate either Rule 8(a)(2) are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). In *Weiland*, the Eleventh Circuit identified four common types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts," (2) a complaint guilty of "being replete with conclusory, vague, and immaterial facts," (3) a complaint that commits the sin of "not separating into a different count each cause of action or claim for relief," and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321-23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

"[N]otice is the touchstone of the Eleventh Circuit's shotgun pleading framework." *Doe v. Carnival Corp.*, 470 F. Supp. 3d 1317, 1323 (S.D. Fla. 2020) (quoting *Cont'l 332 Fund, LLC v. Albertelli*, 317 F. Supp. 3d 1124, 1139 (M.D. Fla. 2018)). "The key inquiry is whether the 'failure

Case No. 25-cv-20513-BLOOM/Elfenbein

to more precisely parcel out and identify the facts relevant to each claim materially increase[s] the burden of understanding the factual allegations underlying each count.'" *Id.* (quoting *Weiland*, 792 F.3d at 1324).

Plaintiff's Complaint is a shotgun pleading, as it fails to separate "into a different count each cause of action or claim for relief," and asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See Weiland*, 792 F.3d at 1323. Instead, Plaintiff's Complaint should "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a *single set of circumstances*." Fed. R. Civ. P. 10(b) (emphasis added). Such pleading fails to "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); 28 U.S.C. § 1915(e)(2).[2] Accordingly, the Complaint is dismissed as a shotgun pleading.

It is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED** without prejudice.

2. Plaintiff's Application to Proceed *in Forma Pauperis*, **ECF No. [3]**, is **DENIED AS MOOT**.

3. The Clerk of Court is directed to **CLOSE** this case.

4. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

---

[2] It is also apparent that Plaintiff has filed these identical claims previously. *See Stinson v. Nationstar Mortgage, LLC*, 25-CV-20245-JEM; *Stinson v. Nationstar Mortgage, LLC*, 23-CV-24741-RKA, *Stinson v. Nationstar Mortgage, LLC*, 24-CV-23562-RAR. Indeed, most recently, United States District Judge Jose E. Martinez dismissed Plaintiff's case as "frivolous and without any merit," recognizing that there was "no discernable claim alleged in the Complaint." *Stinson v. Nationstar Mortgage, LLC*, 25-CV-20245-JEM, ECF No. [6].

Case No. 25-cv-20513-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 19, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record

Mark T. Stinson Sr.
777 NW 155th Lane
#911
Miami, FL 33169
Email: mstinson1@bellsouth.net